## UNITED STATES DISTRICT COURT

## DISTRICT OF MINNESOTA

---

| | |
|---|---|
| S.A.A., | |
| Plaintiff, | |
| vs. | Case No.: 21-cv-02071-PJS-HB |
| Maple Grove Police Officer Samantha Geisler, Hennepin County Jail Doctor Sally Zanotto, Hennepin County Sheriff Deputies John Joe 1-2, Hennepin County Sheriff Deputy Jane Doe and Hennepin County, | **ORDER PERMITTING PLAINTIFF TO PROCEED ANONYMOUSLY** |
| Defendants. | |

This matter came before this Court on Plaintiff's Motion for Plaintiff to Proceed Anonymously (ECF No. 19).  Defendants do not oppose the motion, and so the Court finds it appropriate for disposition on the papers without a hearing.  For the reasons set forth herein, the Court will grant the motion.

In this case, Plaintiff claims Maple Grove police used excessive force when arresting her on January 7, 2020, such that she experienced severe physical and emotional pain and went into labor, and police continued their excessive force throughout her labor and delivery on January 8–9, 2020.  (Compl. at 3–8 [ECF No.

1

1].)  Plaintiff requests anonymity to shield herself and her minor child from public

scrutiny that might accompany the case.  (Pl.'s Mem. at 1–2 [ECF No. 20].)

Although the Eighth Circuit has not articulated specific factors to be

considered in deciding whether to set aside in a particular case the presumptive

requirement that an individual coming to court to assert his or her rights will proceed

under their own name, courts in this District have looked at a set of factors identified

by the Second and Eleventh Circuits, including

> (1) whether the litigation involves matters that are highly
> sensitive and of a personal nature; (2) whether
> identification poses a risk of retaliatory physical or mental
> harm to the party seeking to proceed anonymously or even
> more critically, to innocent non-parties; (3) whether
> identification presents other harms and the likely severity
> of those harms, including whether the injury litigated
> against would be incurred as a result of the disclosure of
> the plaintiff's identity; (4) whether the plaintiff is
> particularly vulnerable to the possible harms of disclosure,
> particularly in light of his age; (5) whether the suit is
> challenging the actions of the government or that of
> private parties; (6) whether the defendant is prejudiced by
> allowing the plaintiff to press his claims anonymously,
> whether the nature of that prejudice (if any) differs at any
> particular stage of the litigation, and whether any prejudice
> can be mitigated by the district court; (7) whether the
> plaintiff's identity has thus far been kept confidential; (8)
> whether the public's interest in the litigation is furthered by
> requiring the plaintiff to disclose his identity; (9) whether,
> because of the purely legal nature of the issues presented
> or otherwise, there is an atypically weak public interest in
> knowing the litigants' identities; and (10) whether there
> are any alternative mechanisms for protecting the
> confidentiality of the plaintiff.

*Doe v. Univ. of St. Thomas*, Case No. 16-CV-1127 (ADM/KMM), 2016 WL

9307609, at *1 (D. Minn. May 25, 2016), *citing Sealed Plaintiff v. Sealed Defendant*,

537 F.3d 185, 189–90 (2d Cir. 2008).  Thus, anonymity is more likely to be permitted in cases where the plaintiffs challenge governmental activity, where the lawsuit requires the plaintiffs to disclose "information of the utmost intimacy," and where the plaintiffs could be required to admit their intention to engage in illegal conduct, which could expose them to criminal prosecution.  *Id.* at *1, *citing Doe v. Frank*, 951 F.2d 320, 323 (11th Cir. 1992).  Federal courts specifically favor anonymity when cases involve pregnancy and childbirth, due to its extremely personal nature.  *See Roe v. Wade,* 410 U.S. 113 (1973); *Doe v. Deschamps*, 64 F.R.D. 652, 653 (D. Mont. 1974).

Plaintiff alleges that so far, her full name and face have not been disclosed in news coverage of the arrest, and she has taken steps to maintain her anonymity. (Pl.'s Mem. at 8.)  She maintains that the case will involve detailed factual inquiries into the leadup and process of her child's delivery which would be in the public record, could retraumatize her if she were publicly connected to those facts, and that she and her non-party minor child would be particularly vulnerable if she were named.  (*Id.* at 4–6.)  She also argues that she sues only for a constitutional violation, so the public interest lies in whether the government's actions were constitutional, not in her specific identity.  (*Id.* 7–9.)  In addition, she argues that as a (formerly) pregnant Muslim woman and non-citizen suing the government in connection with her pregnancy, she represents a minority interest subject to virulent and violent hate attacks.  (*Id.* at 7.)  She points out that there would be no prejudice to Defendants, who do not oppose the motion, as she has already disclosed her identity to them.  (*Id.*

3

7–8.)  Finally, she argues the harm and risk come from her name being disclosed, so alternatives such as a protective order protecting specific information or records would not be sufficient.  (*Id.* at 9.)

While the Court believes many if not most of these concerns might have been forestalled by filing a more circumspect complaint and by a protective order to preclude public disclosure of the more intimate details of Plaintiff's alleged experience and injuries, the Court concludes that, on the whole, and given the degree of detail included in the complaint already on file, continued anonymity is appropriate here.   In short, this is not a situation where "disguising plaintiffs' identities will obstruct public scrutiny of the important issues in this case."  *Does I thru XXIII v. Advanced Textile Corp.*, 214 F.3d 1058, 1072 (9th Cir. 2000).

Accordingly, based on all the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that:  Plaintiff's Motion for Plaintiff to Proceed Anonymously (ECF No. 19) is **GRANTED**.

Dated: January 19, 2022                    */s Hildy Bowbeer*
                                           HILDY BOWBEER
                                           Magistrate Judge of U.S. District
                                           Court